IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV - 3 2025

RICK WARREN
COURT CLERK
88_____

| | |
|---|---|
| JONATHAN HILLIS, | |
| Plaintiff, | |
| v. | Case No. |
| OKLAHOMA GAS AND ELECTRIC COMPANY, | CJ - 2025 - 8146 |
| Defendant. | |

## PETITION

**COMES NOW THE PLAINTIFF**, and for his causes of action herein alleges and states as follows:

1. Plaintiff is Jonathan Hillis, an adult resident of Cleveland County, Oklahoma.

2. Defendant is Oklahoma Gas and Electric Company, a domestic for profit business operating in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's cause of action is for wrongful termination of employment discrimination on the basis of his age and/or gender, including the creation of a hostile working environment, in violation of Title VII of the Civil Rights ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Oklahoma's Anti-Discrimination Act ("OADA"),.

4. Plaintiff worked for Defendant in Oklahoma County and Defendant can be served in Oklahoma County; therefore, venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant employs twenty (20) or more employees each calendar year and is therefore an employer as defined by the ADEA and Title VII. There is no minimum number of employees required for coverage under the OADA.

6. Plaintiff was employed by Defendant from around May 1, 2022, until his termination on or around December 3, 2024.

7. At the time of his termination, Plaintiff was employed as a Transmission Lineman Apprentice and was forty (40) years old.

8. Throughout his employment, Plaintiff was approximately ten (10) years older than the other apprentices on his crew.

9. During Plaintiff's employment with Defendant, Plaintiff was treated less favorably than his significantly younger coworkers, and was subjected to frequent derogatory, age-related remarks. Examples of such conduct include, but are not limited to:

    A. Plaintiff was constantly called "grandpa" because of his age.

    B. Plaintiff's team excluded him, as with rooming assignments.

    C. Plaintiff was passed over for work opportunities in favor of his younger counterparts.

10. Additionally, throughout Plaintiff's employment with Respondent, he was subjected to gender-related sexual remarks. Examples of such

conduct include, but are not limited to being bullied into discussing sexual acts, sexual partners, and other inappropriate sex-related topics.

11. The conduct described above was objectively offensive and was subjectively offensive to Plaintiff, creating a hostile working environment.

12. The discriminatory remarks and conduct took place in front of Plaintiff's supervisors, but no corrective action was ever taken.

13. Around Spring of 2024, Plaintiff complained to his crew foreman, Jared Breazeale, that he was not being given opportunities to learn and was being overlooked for work assignments. Mr. Breazeale assured Plaintiff that he would be given more opportunities, but ultimately that never happened.

14. On or around December 3, 2024, Plaintiff was terminated by Mr. Breazeale. The stated reason for Plaintiff's termination was that after numerous verbal and written reprimands, he no longer met the requirements to be an OGE employee. Mr. Breazeale did not elaborate further.

15. The stated reason for Plaintiff's termination is false and pretextual, as he was a good employee, and had only previously received a single, erroneous disciplinary action which Breazeale promised to remove from his file more than five (5) months prior.

16. Plaintiff's termination was motivated, in whole or in part, by his age and/or gender. Such adverse action is in violation of the OADA, the ADEA, and Title VII.

17. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination asserting his claims with the Equal Employment Opportunity Commission ("EEOC") on or around April 1, 2025. The EEOC investigated and issued Plaintiff a dismissal and notice of right to sue on September 25, 2025. Plaintiff received such notice shortly thereafter and this petition is timely filed within ninety (90) days of Plaintiff's receipt of the dismissal.

18. As a direct result of the Defendant's conduct Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the values of benefits associated with such wages), as well as emotional distress-type harms.

19. Under all statutes, Plaintiff is entitled to compensation for all lost wages and benefits arising from his termination.

20. Additionally, under Title VII, Plaintiff is entitled to an award of emotional distress-type damages.

21. Under each of the OADA and ADEA, respectively, Plaintiff is additionally entitled to an award of liquidated damages.

22. Because the actions of Defendant were willful, malicious, or in reckless

disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

23. Additionally, under all statutes, Plaintiff is also entitled to his attorney's fees and costs.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post- judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF NOVEMBER, 2025.**

Leah M. Roper, OBA # 32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF
**JURY TRIAL DEMANDED
ATTORNEY LEIN CLAIMED**

5